**HUA DI CHEN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

**No. 07–5111–ag.**

United States Court of Appeals, Second Circuit.

July 2, 2008.

Lin Li, Law Office of Fengling Liu, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Linda S. Wendtland, Assistant Director, Nora Ascoli Schwarz, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. CHESTER J. STRAUB, Hon. BARRINGTON D. PARKER, Circuit Judges.

## SUMMARY ORDER

Hua Di Chen, a native and citizen of the People's Republic of China, seeks review of an October 31, 2007, order of the BIA affirming the December 13, 2005, decision of Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Hua Di Chen,* No. A97 327 671 (B.I.A. Oct. 31, 2007), *aff'g* No. A97 327 671 (Immig. Ct. N.Y. City Dec. 13, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007).

We conclude that the IJ properly found that Chen failed to meet his burden of proving that he was eligible for asylum because he failed to submit evidence establishing that his fear of sterilization was objectively well-founded. Here, the IJ properly found that Chen provided no objective evidence to support his claim. While Chen testified that he feared sterilization because a man from his village had been sterilized for cohabiting with another person without having been married, he

did not testify that the authorities threatened to sterilize him for living with his girlfriend. Likewise, the letter from his girlfriend states only that the police threatened to arrest and punish them if they continued to live together. Given Chen's failure to identify any portion of the record suggesting that persons who merely live together before marriage are perceived as having violated the family planning policy, the IJ did not err in finding that he failed to meet his burden of proof. *See* 8 C.F.R. § 208.13(a) (providing that the applicant for asylum bears the burden of establishing that he is a refugee under 8 U.S.C. § 1101(a)(42)). Without "solid support" in the record for Chen's claim that he will be forcibly sterilized for living with his girlfriend before marriage, "his fear is speculative at best." *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005). Accordingly, we cannot conclude that the IJ erred in finding that Chen failed to meet his burden of proof.[1]

Because Chen was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claims for withholding of removal and CAT relief, where all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

---

1. Because the IJ's finding that Chen failed to meet his burden of proof is dispositive of his asylum claim, we need not consider his challenge to the IJ's adverse credibility determination.